UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL LATOURETTE,

        Plaintiff,

   v.

WASHINGTON DEPARTMENT OF CORRECTIONS et al.,

        Defendants.

CASE NO. 2:12-cv-0564 BHS-JRC

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Plaintiff has filed a motion for reconsideration of the Court's order denying appointment of counsel (ECF No. 28). Plaintiff begins his motion by stating "[i]t is readily apparent that either you have completely failed to comprehend even the most basic salient points of my filings, or that you are deliberately acting to obstruct my suit against DOC by denying me any possibility of meaningful access to the courts." (ECF No. 28 page 1). This quote is typical of the tenor of most of plaintiff's pleading.

1   Motions for reconsideration are disfavored under the Local Rules. *See*, Local Rule 7 (h). "The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Plaintiff alleges that he was assaulted and seriously injured by another inmate. Plaintiff alleges that prison officials knew another inmate was violent and posed a threat in a general sense to others, however, they still placed the other inmate in a medium custody, general population setting. Plaintiff alleges the assault was observed by officers who did not intervene to stop the assault, despite the assault taking some time and plaintiff being unable to defend himself. Plaintiff alleges he is permanently disfigured as a result of the assault. He brings this action and alleges prison officials failed to protect him (ECF No. 12).

As the Court explained in the original order, the Court may only appoint counsel in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984. A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff is articulate and the Court understands his allegations. Further, he has not made a showing of his likelihood of success on the merits. Prison guards do not always have a constitutional duty to intervene in a fight or put themselves in physical danger. *See generally*, *Lacy v. Berge*, 921 F. Supp 600, 608-09 (E. D. Wis. 1996).Whether defendants may be held liable will turn, in part, on their state of mind. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

1 Plaintiff did not make any showing that he is likely to succeed on the merits in his original
2 motion for appointment of counsel. In fact, he did not address the issue (ECF No. 24).
3      Plaintiff fails to show manifest error in the prior ruling or present new facts or legal
4 authority for his position that could not have been brought to its attention earlier with reasonable
5 diligence. Plaintiff's motion for reconsideration is denied.
6      Dated this 27th day of September, 2012.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION - 3