UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL LATOURETTE,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS et al.<br><br>Defendants. | CASE NO. C12-0564 BHS-JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEPOSITIONS AND ORDERING PLAINTIFF TO SHOW CAUSE REGARDING HIS MOTION FOR AN EXTENSION OF TIME |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Plaintiff has filed a motion asking for leave to depose a large number of people (ECF No. 44). Plaintiff has also filed a motion asking for a thirty-day extension of time to respond to the pending motion for summary judgment (ECF No. 45). The Court denies the first motion and orders plaintiff to show cause regarding the second.

ORDER DENYING PLAINTIFF'S MOTION FOR
DEPOSITIONS AND  ORDERING PLAINTIFF TO
SHOW CAUSE REGARDING HIS MOTION FOR
AN EXTENSION OF TIME - 1

1   Plaintiff asks that the Court allow depositions including all inmates on J unit, tiers A

2 and B on April 5, 2009 (ECF No. 44). The Court denies the motion. The Court originally gave

3 the parties four months to conduct discovery (ECF No. 19). The Court then extended the

4 deadline and gave the parties and additional two months, until January 18, 2013, to conduct

5 discovery (ECF No. 30). Plaintiff's motion is made after the discovery cut off and only when

6 faced with a dispositive motion. The Court denies the motion as untimely.

7   Plaintiff asks for a thirty-day extension to file a response and explains that he has been

8 trying for six months to get a file that is in his father's possession (ECF No. 45). Plaintiff avers

9 that the file contains documents that will support plaintiff's claim and contradict some of

10 defendants' assertions (ECF No. 45). Defendants oppose the motion and claim that plaintiff has

11 not shown cause for a continuance pursuant to Fed. R. Civ. P. 56(f) (ECF No. 46). Defendants'

12 main objection appears to be that plaintiff did not submit an affidavit or declaration setting forth

13 the facts he relies on in bringing his motion.

14   Fed. R. Civ. P. 56(d) was formerly Fed. R. Civ. P. 56(f).  Pursuant to Fed. R. Civ. P.

15 56(d), when the nonmovant shows that they cannot present facts the Court has the authority to

16 defer consideration of the motion. The rule specifically states that the nonmovant must file an

17 affidavit or declaration. *See*, Fed. R. Civ. P. 56(d). The Court liberally construes  pro se

18 pleadings, and holds pro se litigants to a less stringent standard of pleading. However, even pro

19 se litigants must comply with procedural rules, especially if he wishes to take advantage of the

20 provision of Fed. R. Civ. P. 56(d). The Eleventh Circuit has stated:

21   Rule 56 "allows a party who has no specific material contradicting his adversary's
    presentation to survive a summary judgment motion if he presents valid reasons
22   justifying his failure of proof." *Barfield v. Brierton*, 883 F.2d 923, 931 (11th
    Cir.1989) (quotations omitted). A party requesting such a continuance, however,
23   must present an affidavit explaining how additional discovery will allow him to
    rebut his adversary's contentions. *Id*. "Pro se pleadings are held to a less stringent

24
ORDER DENYING PLAINTIFF'S MOTION FOR
DEPOSITIONS AND  ORDERING PLAINTIFF TO
SHOW CAUSE REGARDING HIS MOTION FOR
AN EXTENSION OF TIME - 2

standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). However, pro se litigants are still required to comply with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

*Ekokotu v. Federal Exp. Corps*, 408 Fed. Appx. 331, 335 (11th Cir. 2011).

Plaintiff does not provide an affidavit or declaration supporting his motion as required by Fed. R. Civ. P 56(d). However, denying the motion is too harsh a remedy. The Tenth Circuit in an unpublished decision stated:

> "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). " 'District courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.' " *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir.1985) (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir.1984)); *see also Hall*, 935 F.2d at 1111. Thus, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," *Hall*, 935 F.2d at 1110 n. 3, including the opportunity to resubmit affidavits to conform with Fed.R.Civ.P. 56(e). *See Jaxon*, 773 F.2d at 1140 (reversing summary judgment where district court refused to permit pro se litigant to resubmit affidavit to conform with Rule 56(e)).

*Merila v Johnson*, 52, F.3d 338 (Table)(10th Cir. 1995).

The Court orders plaintiff to show cause why his motion should not be denied and submit a declaration or affidavit supporting his request for a continuance of the motion. Plaintiff will be given ten days to file a response to this order. The Clerk's Office is instructed to re-note defendants' motion for summary judgment for April 19, 2013.

Dated this 3rd of April, 2013.

/s/J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
DEPOSITIONS AND ORDERING PLAINTIFF TO
SHOW CAUSE REGARDING HIS MOTION FOR
AN EXTENSION OF TIME - 3