UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL LATOURETTE,<br><br>            Plaintiff,<br><br>    v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS et al.,<br><br>            Defendants. | CASE NO. C12-564 BHS-JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A CONTINUANCE |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

On March 18, 2013, plaintiff filed a motion asking the Court to continue defendants' pending motion for summary judgment for thirty days (ECF No. 45). Defendants opposed the motion and noted that plaintiff had not provided an affidavit that complies with the requirements of Fed. R. Civ. P. 56(d), (ECF No. 46). The Court issued an order to show cause which, in effect, gave plaintiff additional time. This Court stated:

    The Court orders plaintiff to show cause why his motion should not be denied and

1   submit a declaration or affidavit supporting his request for a continuance of the motion.
    Plaintiff will be given ten days to file a response to this order. The Clerk's Office is
2   instructed to re-note defendants' motion for summary judgment for April 19, 2013.

3   ECF No. 52, page 3.

4   On April 2, 2013, prior to the Court's April 3, 2013 order to show cause, plaintiff filed a

5   reply and an affidavit responding to defendants' motion for continuance (ECF No. 47 and 48).

6   Although the Court did not consider these documents initially, the Court is now considering

7   them in making the current ruling.

8   Defendants filed an "amended response" to the motion for a continuance with supporting

9   affidavits contesting plaintiff assertions that he could not get access to his medical records or a

10  law library (ECF No. 49, 50, and 51). Plaintiff has also subsequently responded to the order to

11  show cause twice (ECF No. 53 and 54). Defendants have filed a "reply" (ECF No. 55).

12  Plaintiff alleges that he was denied access to his medical records (ECF No. 48, page 2).

13  Defendants assert that plaintiff has not made a request to see his medical records (ECF No. 50).

14  Plaintiff asserts that defendants' response should be "disregarded" (ECF No. 53). Plaintiff also

15  clarifies that he requested his medical records in a public disclosure request and not through the

16  prison medical unit (ECF No. 54). The undisputed fact remains that plaintiff would have had

17  access to his medical record if he had taken the proper steps.

18  Plaintiff also asserts that he has been denied access to a law library (ECF No. 53).

19  Defendants respond and assert that plaintiff knows how to access the law libraries that are

20  attached to the Monroe Correctional Complex and that plaintiff has failed to take the steps

21  needed to gain law library access (ECF No. 51).  Plaintiff has not disputed this assertion.

22  Defendants' motion for summary judgment was originally filed on February 19, 2013 and

23  was noted for March 15, 2013 (ECF No. 35). Plaintiff's response should have been filed no later

24

ORDER DENYING PLAINTIFF'S MOTION FOR
A CONTINUANCE - 2

1  than March 8, 2013. Instead of taking the steps needed to timely obtain medical records or other

2  documents, plaintiff requested depositions, even though the time frame for conducting discovery

3  was over (ECF No. 44). Three days after plaintiff's response should have been filed, plaintiff

4  signed his motion for an extension of time (ECF No. 44).

5     Local Rule 7(j) addresses a motion for relief from a Court deadline:

6,7   A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.

8,9,10,11   If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline, the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court. Alternatively, the parties may use the procedure for telephonic motions in LCR 7(i). It is expected that if a true emergency exists, the parties will stipulate to an extension.

12  Plaintiff failed to file his motion for a continuance in a timely manner and failed to file a

13  response to defendants' motion for summary judgment. Plaintiff also failed to conduct discovery

14  in a timely manner and has failed to prosecute this action diligently. The Court's order to show

15  cause, and the Court's re-noting of defendants' motion for summary judgment have given

16  plaintiff a little over sixty-days to file a response to the motion for summary judgment. The

17  Court denies the pending motion for an extension of time and in accordance with Local Rule 7(j)

18  will consider the motion for summary judgment based on whatever pleadings have been

19  provided to date.

20     Dated this 9th day of May, 2013.

21

22

23     _____
       J. Richard Creatura
24     United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
A CONTINUANCE - 3