UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL LATOURETTE,

Plaintiff,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS et al.,

Defendants.

CASE NO. C12-564 BHS-JRC

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND ADDRESSING OTHER ISSUES

This 42 §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

Plaintiff has filed a motion for reconsideration (ECF No. 60). The Court denies the motion because plaintiff has not shown that the ruling was the result of manifest error or shown that there were new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff has simply failed to meet Court deadlines and failed to follow the Fed. R. Civ. P. and this Court's Local Rules.

A. Motion for reconsideration.

Motions for reconsideration are disfavored under this Court's Local Rules. *See*, Local Rule 7(h) which states:

> *Standard.* Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff complains because his motion for an extension of time to respond to a pending motion for summary judgment has been denied (ECF No. 60, page 2). Defendants' motion for summary judgment was filed February 19, 2013 (ECF No. 35). Plaintiff filed a motion asking for a thirty-day continuance of defendants' motion for summary judgment on March 18, 2013 (ECF No. 45). Plaintiff has provided one reason for the continuance before the Court. Plaintiff contends that he had been trying to get a file from his father that plaintiff claims would have supported his complaint (ECF No. 45). Defendants opposed the motion and argued that plaintiff had failed to comply with Fed. R. Civ. P. 56(d) (ECF No. 46, page 2). Defendants actually cited to a former version of the rule Fed. R. Civ. P 56(f). Either version of the rule requires an affidavit or declaration from the nonmovant that sets forth specific reasons why the nonmovant cannot present facts. Defendants noted that plaintiff had not provided a declaration or affidavit supporting his request.

Plaintiff then filed a reply and an affidavit (ECF No. 47 and 48). In the affidavit plaintiff only briefly addressed the issue of the file he had allegedly sent to his father. Plaintiff states:

> I sent the entire file out to my father in hopes that it would motivate him and assist him in seeking counsel for me, however, apparently it was unpleasant enough to make him uncomfortable, and while sending things OUT from DOC is somewhat difficult, having things-especially legal matter- sent by anyone other than an attorney is well-nigh impossible, and thus I could not get access to this data until I could get it sent in by an attorney.

(ECF No. 48).

Plaintiff does not tell the Court whether or not he eventually obtained the file. But, more importantly, plaintiff did not file any motion asking that the Court take action regarding his attempts to obtain this file (ECF No. 48).

In plaintiff's affidavit, he again complains of his not being given an attorney. *Id*. Plaintiff also complains of alleged difficulties he has had in obtaining discovery. Plaintiff never filed any motion to compel discovery in this case and he has never informed the Court what steps he has taken to try to get discovery. Thus, while plaintiff complains, plaintiff did not take any timely steps to bring any discovery matter before the Court or make any timely request for Court intervention.

The Court did not initially deny plaintiff's motion to extend the time for the filing of a response. Instead of denying plaintiff's motion the Court entered an order to show cause and cited the parties to relevant case law that stated:

> "A party requesting a continuance, however, must present an affidavit **explaining how additional discovery will allow him to rebut his adversary's contentions**."

(ECF No. 52, page 3) (*quoting Ekokotu v. Federal Exp. Corps*, 408 Fed. Appx. 331, 335 (11th Cir. 2011))(emphasis added). The Court also gave plaintiff the benefit of a Tenth Circuit holding that states:

> "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). "'District courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.'" *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir.1985) (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir.1984)); *see also Hall*, 935 F.2d at 1111. Thus, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," *Hall*, 935 F.2d at 1110 n. 3, including the opportunity to resubmit affidavits to conform with Fed.R.Civ.P. 56(e). *See Jaxon*, 773 F.2d at 1140

(reversing summary judgment where district court refused to permit pro se litigant to resubmit affidavit to conform with Rule 56(e)).

*Merila v Johnson*, 52, F.3d 338 (Table)(10th Cir. 1995) .

(ECF No. 52, page 3). Despite the Court citation to these holdings and giving plaintiff an opportunity to cure the defect in his pleading through a response to the order to show cause, plaintiff failed to cure the defect in his pleadings. Plaintiff did not resubmit an affidavit that shows how additional discovery will allow him to rebut his adversary's contentions.

Plaintiff fails to show that the Court's prior ruling was erroneous. Plaintiff simply failed to place an affidavit that set forth proper reasons for a continuance. The motion for reconsideration is denied.

B. Misrepresentations in pleadings.

Plaintiff begins his motion for reconsideration by stating that he filed a motion for a continuance on February 25, 2013 (ECF No. 60, page 1). Plaintiff misrepresents his filing. On February 25, 2013, plaintiff signed a motion asking that he be allowed to take depositions, but plaintiff's motion was not in the Court's file until March, 13, 2013 (ECF No. 44). The Court had closed discovery in this action over one month prior to plaintiff even signing his motion. *See*, amended scheduling order (ECF No. 31). Thus plaintiff's filing was an untimely attempt to reopen discover and not a motion for additional time to file a response to the motion for summary judgment. The Court denied plaintiff's untimely motion (ECF No. 52).

Plaintiff's motion for an extension of time to respond to the motion for summary judgment was signed March 11, 2013 and was not in the file until March 18, 2013 (ECF No. 45). Plaintiff's misrepresentation regarding his prior pleadings is improper conduct (ECF No. 60).

The misrepresentation in plaintiff's pleadings may be a violation of Fed. R. Civ. P 11. Misrepresentations to a Court can result in sanctions including the dismissal of

actions and monetary sanctions. The Court is not inclined to impose sanctions at this time, but plaintiff is cautioned that the Court may impose sanctions in the future if plaintiff engages in further misrepresentations.

Dated this 4th day of June, 2013.

J. Richard Creatura
United States Magistrate Judge