UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL LATOURETTE,

    Plaintiff,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. C12-564 BHS-JRC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 132); Defendants Carroll Riddle ("Riddle"), Joseph Daracunas ("Daracunas"), and Earl Richardson's ("Richardson") objections to the R&R (Dkt. 133); and Plaintiff Michael Latourette's ("Latourette") objections to the R&R (Dkt. 134).

**I. PROCEDURAL HISTORY**

On August 25, 2014, Judge Creatura issued the R&R recommending that the Court grant Defendants Clallam Bay Corrections Center, Joseph Daracunas, Ron Fraker, Amber Miller, Richardson, Riddle, Eldon Vail, Bernie Warner, and Washington Department of

ORDER - 1

Corrections's motion for summary judgment as to all Defendants except Riddle, Daracunas, and Richardson. Dkt. 132. Judge Creatura concluded that (1) material questions of fact existed on Latourette's Eight Amendment claim against Defendants Riddle, Daracunas, and Richardson ("Defendants") (*id*. at 11–15) and (2) Latourette had failed to meet his burden on his claims for inadequate medical care (*id*. at 15).

On September 5, 2014, Defendants filed objections. Dkt. 133. On September 11, 2014, Latourette filed objections. Dkt. 134. On September 19, 2014, Defendants responded. Dkt. 135. On September 22, 2014, Latourette responded. Dkt. 136.

The facts are sufficiently set forth in the R&R. Any additional facts will be cited when considering the parties' particular objections below.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**A.   Defendants' Objections**

In this case, Defendants object to the R&R as follows: (1) J Unit was not two officers short on April 5, 2009; (2) there are no facts to support the inference that Daracunas waited five minutes to make his radio call; (3) nothing in the record supports an inference that Defendants Riddle or Richardson were deliberately indifferent; and (4) Defendants are entitled to qualified immunity.

### 1. J Unit

Defendants argue that Judge Creatura erred when he concluded that "J unit was effectively two officers short." Dkt. 133 at 3–4. First, Judge Creatura did not reach that conclusion because the R&R states, in full, that "Plaintiff states, based on these facts that at the time of the assault J Unit was effectively two officers short." Dkt. 132 at 7. Judge Creatura was citing Latourette's argument and was not reaching his own conclusion. Therefore, Defendants' objection on this issue is without merit.

Judge Creatura, however, did conclude that the J Unit was "understaffed" when Hans Hale, the assailant, was released into the unit. Dkt. 132 at 8. Even if this conclusion is not properly supported by the facts, Defendants fail to show how the error changes the analysis on the issue of liability. In fact, Defendants simply argue that jurors shouldn't be allowed to second-guess the staffing decisions at the prison. Dkt. 133 at 4. Such an argument is wholly irrelevant to the current motion for summary judgment. Therefore, the objection is without merit.

### 2. Daracunas's Radio Call

Defendants argue that "there are no facts to support the inference that Daracunas waited five minutes to make his radio call." Dkt. 133 at 4–7. The incident report states that the assault occurred at 17:49 and that Daracunas's radio call was made at 17:54, which is five minutes later. The evidence speaks for itself and Defendants fail to show that Judge Creatura committed error. Whether Daracunas deliberately waited five minutes, or by waiting five minutes before responding, was demonstrating deliberate indifference, are questions for the jury.

### 3. Riddle and Richardson

Defendants argue that nothing in the record supports the inference that either Defendant Riddle or Richardson was deliberately indifferent to the health or safety of Latourette. Dkt. 133 at 7–11. Contrary to Defendants' position, there is sufficient evidence in the record to support the conclusion that material questions of fact exist on the issue of whether Riddle and Richardson acted with deliberate indifference. Judge Creatura cited this evidence (Dkt. 132 at 11–13) and correctly denied Defendants' motion for summary judgment. Therefore, Defendants' objection is without merit.

### 4. Qualified Immunity

This issue was not presented to Judge Creatura. *See* Dkt. 128. Therefore, the Court concludes that the issue is not properly before this Court. Upon referral for further proceedings, Defendants may ask Judge Creatura for leave to raise the defense of qualified immunity.

## B. Latourette's Objections

In this case, Latourette objects to Judge Creatura's conclusion that Latourette failed to meet his burden on his medical claims. Specifically, Latourette argues that

> (1) Defendant Richardson played a critical role as Sergeant over IMU where Latourette was housed immediately following the assault where deprivation of care occurred; and (2) Defendants repeatedly failed to reveal which additional individuals were responsible for failing to provide Latourette with sufficient medical care following the assault.

Dkt. 134 at 2. Latourette, however, failed to name as a defendant or assert any claim against any medical staff in his amended complaint (*see* Dkt. 93), and the only parties that may be held liable in this case are the correction officers and their supervisors. The

ORDER - 4

evidence in the record establishes that only a medical provider may order a soft diet. Dkt. 102, Declaration of Clifford Johnson, ¶ 4. Therefore, Judge Creatura correctly concluded that Latourette has failed to identify any particular defendant in this case that is responsible for the alleged harm. The Court adopts the R&R on this issue.

### III. ORDER

Therefore, the Court having considered the R&R, Latourette's objections, Defendants' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment is **GRANTED in part** and **DENIED in part** as set forth in the R&R; and

(3) This matter is **REFERRED** for further proceedings.

Dated this 23rd day of October, 2014.

BENJAMIN H. SETTLE
United States District Judge