1
2
3
4                           UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                     AT TACOMA

5   MICHAEL LATOURETTE,
                                                 CASE NO. C12-564 BHS
6                  Plaintiff,
                                                 ORDER GRANTING IN PART
7          v.                                    AND DENYING IN PART
                                                 DEFENDANTS' MOTION FOR
8   WASHINGTON DEPARTMENT OF                      SUMMARY JUDGMENT
    CORRECTIONS, et al.,
9
                   Defendants.
10

11         This matter comes before the Court on Defendants Joseph Daracunas, Earl

12  Richardson, and Carol Riddle's ("Defendants") motion for summary judgment (Dkt.

13  150). The Court has considered the pleadings filed in support of and in opposition to the

14  motion and the remainder of the file and hereby grants in part and denies in part the

15  motion for the reasons stated herein.

16                              I. PROCEDURAL HISTORY

17         On May 18, 2012, the Court granted Plaintiff Michael Latourette's ("Latourette")

18  motion to proceed *in forma pauperis* and accepted his civil rights complaint.  Dkt. 11.

19  On January 18, 2014, Latourette filed an amended complaint.  Dkt. 93.  Latourette

20  asserted two causes of action for violations of his Eighth Amendment right to be free

21  from cruel and unusual punishment.  One was based on failure to protect Latourette from

22

1 │ physical violence and one was based on failure to provide adequate medical treatment.

2 │ *Id.*

3 │        On August 25, 2014, United States Magistrate Judge J. Richard Creatura issued a

4 │ Report and Recommendation ("R&R") recommending that the Court grant in part and

5 │ deny in part Defendants' motion for summary judgment.  Dkt. 132.  On October 23,

6 │ 2014, the Court adopted the R&R, dismissed all Defendants except Joseph Daracunas

7 │ ("Daracunas"), Earl Richardson ("Richardson"), and Carol Riddle ("Riddle"), and

8 │ dismissed Latourette's claim based on failure to provide adequate medical care.  Dkt.

9 │ 137.

10 │        On March 25, 2015, Defendants filed a motion for summary judgment.  Dkt. 150.

11 │ On April 13, 2015, Latourette responded.  Dkt. 153.  On April 17, 2015, Defendants

12 │ replied.  Dkt. 155.

13 │                           **II. FACTUAL BACKGROUND**

14 │        Due to the limited nature of the instant motion and the recitation of facts in the

15 │ R&R, the Court declines to engage in an extensive discussion of the facts and will only

16 │ offer a brief summary.  On April 5, 2009, inmate Hans Hale ("Hale") violently assaulted

17 │ and severely injured Latourette.  Defendants Riddle and Richardson were directly

18 │ involved in the decision to release Hale to the general population despite indications that

19 │ he would attack another inmate.  Defendant Daracunas was in charge of the unit where

20 │ the attack occurred, and Latourette has submitted some evidence to show that Daracunas

21 │ failed to act to stop or minimize the attack once he became aware of the incident.

22 │

# III. DISCUSSION

Defendants move for summary judgment on the issue of qualified immunity, which is a legal principle that shields government officials from civil liability unless a plaintiff demonstrates: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011).

In this case, the Court has determined the first prong of the qualified immunity analysis. Specifically, the Court adopted the conclusions set forth in the R&R that, viewing the evidence in the light most favorable to Latourette, questions of material fact exist whether Defendants violated Latourette's Eighth Amendment right. Dkt. 132 at 11–15. Thus, the only remaining issue is whether that right was clearly established at the time of the challenged conduct. Defendants, however, have almost exclusively contested the first prong of the analysis, which is the functional equivalent of requesting reconsideration. *See* Dkts. 150 &155. To the very minimal extent that Defendants' motion touches on the clearly established prong of qualified immunity, the Court will address the merits of the motion on this issue.

For a right to be "clearly established," its "contours must be sufficiently clear that a reasonable official would understand that" his or her actions violated that right. *Tarabochia v. Adkins*, 766 F.3d 1115, 1125 (9th Cir. 2014) (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). To meet this standard "the very action in question" need not have "previously been held unlawful." *Chappell v. Mandeville*, 706 F.3d 1052, 1056 (9th Cir. 2013). Instead, the court must consider "whether a reasonable officer would have had

1   fair notice that [the action] was unlawful[.]"  *Id.*, 706 F.3d at 1056–57 (internal quotation

2   marks omitted); *accord A.D. v. Calif. Highway Patrol*, 712 F.3d 446, 454 (9th Cir. 2013).

3          With regard to Defendants Riddle and Richardson, the Court concluded that there

4   was sufficient evidence to show that they violated Latourette's rights when they released

5   "Hale into the general prison population without providing any information to online staff

6   or taking any precautions against Hale's propensity for violence."  Dkt. 132 at 12-13.

7   Latourette's right is to be free from harm when officials act or fail to act when they are

8   "aware of facts from which the inference could be drawn that a substantial risk of serious

9   harm exists . . . ."  *Id.*  It is undisputed that this general right was clearly established in

10  1994, well before the incident in this case.  *See Farmer v. Brennan*, 511 U.S. 825, 834

11  (1994); *accord Lemire v. California Dept of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th

12  Cir. 2013).

13         However, "it is relevant that neither *Farmer* nor subsequent authorities has fleshed

14  out 'at what point a risk of inmate assault becomes sufficiently substantial for Eighth

15  Amendment purposes.'"  *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1050-51 (9th

16  Cir. 2002) (quoting *Farmer*, 511 U.S. at 834 n. 3).  On this issue, the officers must have

17  "'fair and clear warning' of what the Constitution requires."  *Ashcroft v. al-Kidd*, 131 S.

18  Ct. 2074, 2086-87 (2011) (Kennedy, J., concurring) (quoting *United States v. Lanier*, 520

19  U.S. 259, 271 (1997)).  Latourette has failed to show and the Court is unable to conclude

20  that a reasonable officer had fair and clear warning that it would be a violation of

21  Latourette's right to release Hale to general population without notice or warning.  While

22  Riddle and Richardson's decisions "turned out be quite unfortunate judgments, [the

1   Court] cannot say that a reasonable correctional officer would have clearly understood

2   that the risk of serious harm was so high that he should not have authorized the

3   [release]." *Estate of Ford*, 301 F.3d at 1051.  Therefore, the Court grants Defendants'

4   motion as to Riddle and Richardson.

5          With regard to Defendant Daracunas, the Court similarly concluded that there was

6   sufficient evidence to show that he failed to act despite a significant risk to Latourette.

7   Dkt. 132 at 14.  The claim is not that Daracunas should have exposed himself to risk by

8   personally stopping the attack, as Daracunas argues.  Instead, the claim is that there is

9   some evidence to show that, once aware of the ongoing harm to Latourette, Daracunas

10  failed to act to minimize or stop the harm.  Latourette's right was clearly established on

11  this issue because Daracunas had fair notice that doing nothing to stop the obvious and

12  continuing harm was a violation of Latourette's right.  Therefore, the Court denies

13  Defendants' motion as to Daracunas.

14                                     **IV. ORDER**

15         Therefore, it is hereby **ORDERED** that Defendants' motion for summary

16  judgment (Dkt. 150) is **GRANTED in part** and **DENIED in part**.  The Clerk shall

17  terminate Defendants Riddle and Richardson.

18         Dated this 26th day of May, 2015.

19

20                                     _____

21                                     BENJAMIN H. SETTLE
                                       United States District Judge

22